```
UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 10-22158-CIV-UNGARO
                                        (95-583-CR-UNGARO)
                                MAGISTRATE JUDGE P.A. WHITE

SEAN C. BLACK,                   :

        Movant,                  :      REPORT RE DISMISSAL
                                        FOR FAILURE TO OBTAIN
v.                               :      AUTHORIZATION PURSUANT TO
                                        28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,        :

        Respondent.              :
_____
```

Sean C. Black, a federal prisoner currently confined at the United States Penitentiary in Coleman, Florida, filed a pro se "Petition for Evidentiary Hearing". By Order of United States District Judge Ursula Ungaro, the Clerk was directed to open this pleading as a new motion to vacate case, pursuant to 28 U.S.C. §2255, attacking his conviction in case no. 95-583-Cr-Ungaro.

This is a successive motion to vacate pursuant to 28 U.S.C. §2255. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

\*   \*   \*

(b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

\*   \*   \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Black filed a prior motion to vacate attacking his conviction in 95-583-Cr-Ungaro-Benages, Case No. 98-591-Civ-Ungaro-Benages. The motion was dismissed as time barred on July 31, 1998. No Appeal was taken. Black filed A petition for writ of habeas corpus, while serving his federal sentence, attacking his expired state sentences. The motion was, in legal effect a successive motion to vacate, and was dismissed on January 26, 2009, Case No. 08-23468-Civ-Ungaro.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 8TH day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Sean C. Black, Pro Se
Reg. No. 49011-004
United States Penitentiary
Coleman, Florida
Address of record